IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| GUSSIE MAE PARKS, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CASE NO. 3:14-CV-8-MSH |
| : | Social Security Appeal |
| CAROLYN COLVIN, : | |
| Commissioner of Social Security, | |
| : | |
| Defendant. : | |
| _____ | |

## ORDER

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Plaintiff's application for disability benefits, finding that she was not disabled within the meaning of the Social Security Act and Regulations. Plaintiff contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted. Both parties filed their written consents for all proceedings to be conducted by the United States Magistrate Judge, including the entry of a final judgment directly appealable to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 636(c)(3).

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam).

"Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F. 3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted). The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Moore v. Barnhart*, 405 F. 3d 1208, 1211 (11th Cir. 2005). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The Plaintiff bears the initial burden of proving that she is unable to perform her previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). The Plaintiff's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981).[2] A Plaintiff seeking Social Security disability benefits must demonstrate that he/she suffers from an

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decision of the former Fifth Circuit rendered prior to October 1, 1981.

impairment that prevents him/her from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a Plaintiff must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1 *et seq*.

Under the Regulations, the Commissioner uses a five-step procedure to determine if a Plaintiff is disabled. *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4). First, the Commissioner determines whether the Plaintiff is working. *Id.* If not, the Commissioner determines whether the Plaintiff has an impairment which prevents the performance of basic work activities. *Id.* Second, the Commissioner determines the severity of the Plaintiff's impairment or combination of impairments. *Id.* Third, the Commissioner determines whether the Plaintiff's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the "Listing"). *Id.* Fourth, the Commissioner determines whether the Plaintiff's residual functional capacity can meet the physical and mental demands of past work. *Id.* Fifth and finally, the Commissioner determines whether the Plaintiff's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Id.* The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## ISSUES

I.     **Whether the ALJ properly evaluated Plaintiff's credibility.**

II.    **Whether the ALJ provided substantial evidence through the testimony of a VE that there are jobs which exist in significant numbers in the national economy that Plaintiff can perform.**

### Administrative Proceedings

Plaintiff applied for disability insurance benefits on November 4, 2009. (Tr. 124, ECF No. 10-2.) Plaintiff alleged disability as of May 19, 2008. (*Id*.) Plaintiff's application was denied initially and on reconsideration, and Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. 24-32.) Plaintiff appeared before the ALJ on April 5, 2012. Following the hearing, the ALJ issued an unfavorable decision on July 23, 2012. (*Id*.) The Appeals Council ultimately denied Plaintiff's Request for Review on November 19, 2013. (Tr. 1-4.) This appeal followed.

### Statement of Facts and Evidence

After consideration of the written evidence and the hearing testimony in this case, the ALJ determined that despite having documented earnings in 2008, 2009, and 2011, Plaintiff had not engaged in substantial gainful activity as defined by the Act since her alleged onset date. (Tr. 26.) The ALJ found that Plaintiff had the severe impairments of status post right rotator cuff repair and status post right shoulder manipulation and debridement. (*Id.*) The ALJ then determined that Plaintiff has no impairments that meet or medically equal any one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 27.)

After consideration of the entire record, the ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform light work with added restrictions of

> only occasionally push/pull with the upper dominant right extremity; only frequently climb ramps and stairs; never climb ladders, ropes and scaffolds; only frequently balance, stoop, kneel and crouch; only occasionally crawl; only rarely engage in overhead reaching with the right upper extremity; avoid concentrated exposure to fumes, dust, odors and gases."

(Tr. 27.) The ALJ concluded that Plaintiff would not be able to perform her past relevant work. (Tr. 30.) Plaintiff was forty-four years old on her alleged disability onset date, which is considered to be a younger individual. (*Id.*) The ALJ found that Plaintiff had a limited education and could communicate in English. (*Id.*) Considering her education, age, work experience, and RFC, the ALJ elicited testimony from a vocational expert (VE) that there were jobs which existed in significant numbers in the national economy which Plaintiff could perform. (*Id.*) The ALJ therefore found that Plaintiff has not been under a disability as defined in the Act from May 19, 2008 through the date of his decision. (Tr. 31.)

## DISCUSSION

**I.     Did the ALJ properly evaluate Plaintiff's credibility?**

Plaintiff alleges that she suffers from disabling pain as a result of a shoulder injury which occurred on May 19, 2008 when she attempted to lift a bucket of water while employed as a housekeeper at Athens Regional Medical Center. The injury was treated surgically on November 20, 2008 and July 22, 2009. Plaintiff returned to her job with instructions from her treating physician to limit her overhead reaching until November 2,

2009 when she was discharged from employment based on lack of work at the facility. (Tr. 44.)  During 2011 Plaintiff worked part time at a discount store. (Tr. 42.) Thereafter, she filed for unemployment insurance benefits and continues to seek work while collecting her unemployment payments. (Tr. 48, 657.)

Her first contention is that the ALJ improperly discounted her credibility in his consideration of her subjective pain complaints. (Pl.'s Br. 5, ECF No. 13.) The ALJ thoroughly reviewed her records of treatment and noted that her treating physician discontinued her pain medications in December 2009 in response to her assertions of post-surgical improvement. (Tr. 29.) As late as January 2010 she was cleared by her treating physician to continue working with a limitation to overhead reaching of weight less than fifteen pounds. (Tr.29.) Despite her assertion that pain prevents her from work, she has not been seen by the treating orthopedist since January 2010. No record from her primary care physician supports her claim to disabling pain.

The ALJ adequately reviewed her treatment records and assigned specific weight to the opinions of both treating and consultative medical sources. Indeed, the ALJ afforded the records and opinions of her orthopedic surgeon "significant weight" finding that it clearly supported his RFC assessment of light work with restrictions. (Tr. 30.) Her activities of daily living are routine and include driving a car and maintaining her household. (Tr. 658.) By collecting unemployment payments, she represents that she is capable of and willing to work. Plaintiff bears the burden of proving her disability and she failed to do so in this case. Her first contention of error is without merit.

**II.     Did the ALJ provide substantial evidence through the testimony of a VE that there are jobs which exist in significant numbers in the national economy that Plaintiff can perform?**

Plaintiff's second asserted error is that the Commissioner failed at step five of the sequential analysis to establish that jobs exist in the national economy which she can perform within her RFC as restricted. (Pl.'s Br. 9.) When the ALJ poses a hypothetical question to a duly qualified vocational expert that includes all of the limitations found by the ALJ in the RFC assessment, the testimony of the VE constitutes substantial evidence of the availability of jobs in the national economy. *Curcio v. Comm'r of Soc. Sec.,* 386 F. App'x 924, 927 (11th Cir. 2010). This carries the Commissioner's limited burden at step five of the sequential analysis. It is then incumbent on a claimant to prove that she is unable to perform the jobs identified. Plaintiff made no effort to do so here and the VE's unrebutted testimony of specific jobs that Plaintiff can perform is sufficient to establish available work. *Id.* This contention of error is likewise without merit.

## CONCLUSION

WHEREFORE, for the foregoing reasons, it is ORDERED that the determination of the Social Security Commissioner be AFFIRMED.

SO ORDERED, this 20th day of October, 2014.

/s/ Stephen Hyles
UNTED STATES MAGISTRATE JUDGE